UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60961-CIV-COHN/SELTZER

AMPA CAPITAL, LTD.,

　　　　Plaintiff,

v.

SHLOMI ROZEN a/k/a
SHLOMO ROZEN, and
EINAT ROZEN,

　　　　Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss Complaint [DE 11] ("Motion"). The Court has considered the Motion, Plaintiff's Response [DE 19], the record, and is otherwise fully advised in the premises.

### I. BACKGROUND

On May 21, 2012, Plaintiff Ampa Capital, Ltd. ("Plaintiff"), brought this case against Defendants Shlomi Rozen, a/ka/ Shlomo Rozen, and Einat Rozen (together, "Defendants"). The claims arose out of Defendants' alleged failure to pay on a Promissory Note ("Note") executed in favor of Hamit Trade Leasing and Finance Corp., Ltd. ("Hamit"), an Israeli corporation now merged into Plaintiff.[1] See Compl. [DE 1] ¶ 3. The Complaint alleges that Shlomi Rozen executed the Note in the amount of

---

[1] While Defendants are Israeli residents and Hamit is an Israeli corporation, Plaintiff has not pleaded Israeli law. Under Florida choice of law rules, where law of a foreign forum is not pleaded, Florida law governs. See Coyne v. Coyne, 325 So. 2d 407, 407 (Fla. 3d DCA 1976). Accordingly, at this stage, the Court finds that Florida law is controlling.

7,528,806 Israeli Shekels, and that both Defendants executed a Guaranty of the Note. See id. ¶¶ 3-4.  Plaintiff alleges that, as a result of its merger with Hamit, it now owns the Guaranty and the Note.  See id.  The Note required Defendants to repay the loan by making seventy-eight consecutive monthly payments on the 25th of each month, beginning September 25, 2009.  See id. ¶ 4; Pl.'s Ex. 1 to Compl. [DE 1-1] at 4.  Plaintiff claims that Defendants discontinued their payments as of March 25, 2010.  See id. ¶ 5.  To mitigate its damages, Plaintiff sold some of the equipment financed by the Note, thereby reducing Defendants' alleged balance to 3,613,319 Israeli Shekels, or $943,131.65.  See id. ¶ 7.  Plaintiff claims that "[a]ll conditions precedent to the filing and/or maintenance of this action have been performed or waived."  Id. ¶ 8.

    The Complaint pleads four claims.  Count I alleges that Defendants breached the Note and Guaranty.  Id. ¶¶ 10-13.  Count II is a claim for money lent, asserting that Defendants owe Plaintiff a balance of $943,131.65.  Id. ¶ 15.  In Count III, Plaintiff alleges unjust enrichment, claiming that Defendants accepted the loan, and made personal use of the funds instead of repaying the loan.  Id. ¶¶ 17-18.  Count IV alleges fraud in the inducement, claiming that Defendants misrepresented their intention to repay the loan.  Id. ¶¶ 21-25.

    In the present Motion, Defendants move to dismiss Counts I and IV for failure to state a claim, and Counts II and III as contradicted by the exhibits attached to the Complaint.  Plaintiff opposes the Motion, except with regard to Count IV, which it recognizes is no longer viable.  See Pl.s Resp. to Mot. to Dismiss Compl. [DE 19] at 1 n.1.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the [] claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

At this stage in the litigation, the Court must consider the factual allegations in the Complaint as true and accept all reasonable inferences therefrom. See Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). However, the presumption of validity does not apply to allegations that are contradicted by facts contained in exhibits attached to the Complaint. See Degirmenci v. Sapphire-Fort Lauderdale, LLLP, 693 F. Supp. 2d 1325, 1341 (S.D. Fla. 2010). The Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall

Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### III. ANALYSIS

#### Count I

Defendants argue that Count I, alleging breach of the Note and Guaranty, should be dismissed for four reasons.  First, Defendants contend that they were guarantors, rather than principals, of the Note.  They assert that Plaintiff must first try to collect from the principal — in this case, S.L.R. Printing, Ltd. ("S.L.R.")[2] — before making a demand on the guarantors.  Because Plaintiff did not first try to collect from S.L.R., Defendants contend that Plaintiff has failed to state a claim.  Plaintiff responds that Defendants signed a guaranty of payment, as opposed to a guaranty of collection, and therefore that Plaintiff need not have first sought payment from S.L.R.

The common law of contracts recognizes a distinction between guaranties of payment and guaranties of collection.  "A guarantor of payment is primarily liable and waives any requirement that the holder of the note take action against the maker as a condition precedent to his liability on the guaranty." Chi. Title Ins. Co. v. Lerner, 435 B.R. 732, 737 (S.D. Fla. 2010) (quotations & citations omitted).  A guaranty of collection, on the other hand, "is one under which the creditor can seek performance from the guarantor only after the occurrence of some condition such as the condition that the creditor has unsuccessfully . . . sought to collect the debt from the principal debtor."  Id. at 737-38 (quoting United States v. Vahlco Corp., 800 F.2d 462, 466 (5th

---

[2] The Complaint says that Shlomi Rozen executed the Note.  However, the Note is signed by S.L.R., not Rozen, and Plaintiff admits that S.L.R. was in fact the principal. See Pl.'s Ex. 1 to Compl. [DE 1-1] at 5; Pl.'s Resp. to Mot. to Dismiss Compl. at 3.

Cir. 1986)).  Here, the Guaranty stated, in relevant part, that

> We the undersigned, all of us jointly and each of severally, hereby guarantee the repayment of this Note by the maker(s) of this Note.  This Guaranty shall not be affected by the granting of an extension or other relief to the maker(s) of the Note, to a guarantor, or to any endorser thereafter.

Ex. 1 at 5.  Furthermore, the Deed of Guaranty [DE 1-2] provides that Defendants

> covenant to pay you [Hamit] . . . without there being a need for you to base this demand / or to first demand the repayment of the amount demanded from the "Customer" [S.L.R.] . . . .

Deed of Guaranty at 4.[3]  There is nothing in the Guaranty or Deed of Guaranty that makes collection from Defendants conditional on Plaintiff making a prior demand for payment to S.L.R.  Accordingly, the Court concludes that Defendants were guarantors of payment, and thus that Plaintiff's claim is not barred for failure to seek collection from S.L.R.

Second, Defendants contend that Plaintiff waived the Guaranty by selling off some of the collateral without notice to Defendants.  Florida Statutes § 679.611(2) requires that a secured party notify the debtor and secondary obligors before selling the debtor's collateral.  See Fla. Stat. § 679.611(2).  However, as Plaintiff points out, a violation of § 679.611(2) does not bar a subsequent suit on the Guaranty.  Rather, such violation shifts the burden to the creditor to show that the sale was commercially reasonable.  See First Fla. Bank, N.A. v. Howard, 604 So. 2d 1286, 1287 (Fla. 5th DCA

---

[3] Defendants argue that the Deed of Guaranty refers to an agreement dated August 19, 2009, whereas the Note itself is not dated.  However, Plaintiff alleges that the Note was executed on August 19, 2009, and nothing in the Note indicates otherwise.  See Compl. ¶ 3.  At the motion to dismiss stage, the Court will accept Plaintiff's allegations as true, and therefore assume that the Note was executed on August 19, 2009.

1992) (finding that, while a violation of § 679.611(2) "generally renders a sale commercially unreasonable . . . it does not necessarily preclude entry of a deficiency judgment following the sale"). However, Plaintiff need not meet that burden on a motion to dismiss. Accordingly, Plaintiff's alleged noncompliance with § 679.611(2) is not grounds for dismissal of Count I.

Third, Defendants assert that Plaintiff has not shown that it had a legal right to sell the collateral. Therefore, Defendants contend, the sale may have been unlawful and Plaintiff should be barred from enforcing its claim for breach of the Note. Plaintiff responds that Defendants' contention could be raised as an affirmative defense, but that it is irrelevant at the motion to dismiss stage. The Court agrees. Defendants are essentially raising an estoppel argument, alleging that Plaintiff is estopped for having chosen an illegal form of self-help. Estoppel must be pleaded as an affirmative defense. See Fed. R. Civ. P. 8(c)(1). "The burden of proof for an affirmative defense lies with the party asserting the defense." Waldrep v. Detjen, Case No. 93-6858-CIV-ZLOCH, 1996 U.S. Dist. LEXIS 673, at *12 (S.D. Fla. Jan. 4, 1996). Thus, Defendants bear the burden of proving estoppel, and Plaintiff's claim will not be dismissed on this ground.

Fourth, Defendants argue that Count I should be dismissed because Plaintiff has not established ownership of the Note, and therefore has not shown that it has standing to enforce the Note. The Note was executed in favor of Hamit. Plaintiff alleges that it gained ownership of the Note and Guaranty upon Plaintiff's merger with Hamit. See Compl. ¶ 3. Because there is nothing in the Note that contradicts Plaintiff's claim of ownership, the Court accepts the allegation as true, and will deny the Motion with

6

regard to Count I.

## Count II

Count II, alleging money lent, claims that Plaintiff lent 7,528,806 Israeli Shekels to Defendants, and that Defendants have failed to repay the outstanding amount of 3,613,319 Israeli Shekels ($943,131.65).  "In order to state a claim for money lent, a plaintiff must allege: (1) money was delivered to the defendant, (2) the money was intended as a loan, and (3) the loan has not been repaid." Paladin Shipping Co. v. Star Capital Fund, LLC, Case No. 10-21612-CIV-ALTONAGA/Brown, 2010 U.S. Dist. LEXIS 88756, at *4 (S.D. Fla. Aug. 27, 2010).  Here, the terms of the Note make clear that the money in question was lent to S.L.R., and that Defendants acted only as guarantors. Therefore, Plaintiff cannot state a claim for money lent, and Count II must be dismissed.

## Counts III and IV

In Count III, Plaintiff alleges unjust enrichment, claiming that it conferred a benefit on Defendants by lending them money, and expected Defendants to repay the loan.  See Compl. ¶ 17.  As in Counts I and II, Plaintiff seeks in Count III to recover the $943,131.65 outstanding balance on the loan.  To prevail on a claim for unjust enrichment, a plaintiff must show that

> (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it.

Commerce P'ship 8098 Ltd. P'ship v. Equity Contr. Co., 695 So. 2d 383, 386 (Fla. 4th DCA 1997).  Unjust enrichment is an equitable doctrine.  Accordingly, in order to state a

claim for unjust enrichment, Plaintiff must allege that it has no adequate remedy at law. See Jovine v. Abbott Labs, Inc., 795 F. Supp. 2d 1331, 1341-42 (S.D. Fla. 2011).  Here, Plaintiff has a remedy at law: suing for breach of the Note and Guaranty, as it has in Count I.  Plaintiff is seeking damages for the same conduct in Count I as in Count III, and there is nothing to suggest that prevailing on Count I would be inadequate to compensate Plaintiff.  See Prohias v. Pfizer, Inc., 490 F. Supp. 2d 1228, 1236 (S.D. Fla. 2007) (citing Am. Honda Motor Co. v. Motorcycle Info. Network, Inc., 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005) (holding that because defendants' unjust enrichment claim was predicated on the same set of allegations as their legal claims, defendants could not state a claim for unjust enrichment)).  Therefore, because Plaintiff has an adequate legal remedy, Count III will be dismissed.  Furthermore, because Plaintiff agrees that Count IV is no longer viable, Count IV will also be dismissed.

## IV. CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Complaint [DE 11] is **GRANTED in part and DENIED in part** as follows:

1. The Motion is **DENIED** with regard to Count I.
2. The Motion is **GRANTED** with regard to Counts II, III, and IV, and each is **DISMISSED with prejudice**.
3. Defendants shall file an answer to the Complaint [DE 1] by no later than December 21, 2012.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of December, 2012.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF